UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

| | |
|---|---|
| LORI CHAVEZ-DEREMER, ) <br> Secretary of Labor, ) <br> United States Department of Labor, ) <br> *Plaintiff*, ) <br> v. ) <br> RIG CATERING CORP. D/B/A ) <br> LA FONDITA DE LEO, ) <br> LEONARDO CAICEDO, an individual, ) <br> ) <br> *Defendants*. ) | Civil Action No. 8:25-cv-3406 <br><br><br><br><br><br><br><br> **C O M P L A I N T** <br> *(Injunctive Relief Requested)* |

Plaintiff Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor, brings this action under Section 217 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (FLSA), to enjoin and restrain Defendants Rig Catering Corp. d/b/a La Fondita de Leo ("La Fondita de Leo") and Leonardo Caicedo (collectively "Defendants") from violating 29 U.S.C. §§ 215(a)(2) and 215(a)(5), including: (a) the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to Defendants' employees and (b) the restraint of any failure to make, keep, and preserve records of the persons employed by Defendants, including records of the wages, hours-worked, and other employment conditions and practices maintained by Defendants; and under Section 216 of the FLSA, 29 U.S.C. § 216, to recover unpaid minimum wages and overtime compensation, and an award of an equal amount as liquidated damages, owed to certain employees of Defendants,

1

who, at a minimum, include the individuals listed in the attached Schedule A.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 29 U.S.C. §§ 216 and 217, and 28 U.S.C. §§ 1331 and 1345, to enjoin violations of the FLSA, restrain the withholding of back wages due under the FLSA, and award additional amounts equal to back wages due as liquidated damages.

2. Venue lies in the United States District Court, Middle District of Florida, under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## DEFENDANT

3. Defendant La Fondita de Leo is now, and at all times material hereto has been, a Florida corporation licensed to do business in the State of Florida, located at 1600 US 19, Holiday, FL 34691 in Pasco County, Florida, within the jurisdiction of this Court, where it is and has been engaged in the restaurant business.

4. Defendant Leonardo Caicedo, an individual doing business in Pasco County, Florida, at all times hereinafter mentioned, is the owner of La Fondita de Leo. Defendant Caicedo manages day-to-day operations of La Fondita de Leo, including setting employees' rates of pay, and has acted directly and indirectly in the interest of Defendant La Fondita de Leo in relation to its employees. Defendant Leonardo Caicedo therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

**LA FONDITA DE LEO IS AN ENTERPRISE ENGAGED IN COMMERCE**

5. At all relevant times, Defendants engaged in related activities performed either through unified operation or common control for a common business purpose, which constitutes an enterprise under 29 U.S.C. § 203(r).

6. At all relevant times, Defendant La Fondita de Leo employed employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce, including goods such as wine and liquor from California.

7. At all relevant times, Defendant La Fondita de Leo had an annual gross volume of sales made or business done of not less than $500,000.00.

8. Therefore, Defendant La Fondita de Leo is an enterprise engaged in commerce or in the production of goods for commerce, under 29 U.S.C. § 203(s)(1)(A).

**VIOLATIONS OF THE ACT**

9. Since at least March 27, 2022, Defendants repeatedly violated 29 U.S.C. §§ 206 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce and failing to pay such employees the applicable minimum hourly wage rate. Specifically, Defendants failed to pay employees the applicable minimum hourly wage rate for all hours worked. At least one worker was not paid at all for hours worked over a two-week period.

10. As a result of the conduct described in Paragraph 9, Defendants failed to pay the employees identified in the attached Appendix A, as well as other employees that are not yet known to the Secretary, the applicable minimum hourly wage rate for all hours worked.

11. Since at least March 27, 2022, Defendants repeatedly violated 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than 40 hours without compensating such employees for their hours-worked in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed. Specifically, Defendants paid employees the same hourly rate for all hours worked, even those hours worked in excess of 40 hours in a workweek.

12. As a result of the conduct described in Paragraph 11, Defendants failed to pay the employees identified in the attached Appendix A, as well as other employees that are not yet known to the Secretary, the applicable overtime rate for hours worked over 40 in a workweek when these employees worked more than 40 hours in a workweek.

13. Since at least March 27, 2022, Defendants repeatedly violated 29 U.S.C. §§ 211 and 215(a)(5), and 29 C.F.R. § 516, by failing to make, keep, and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them, as required. Specifically, Defendants failed to accurately keep and preserve payroll

records for all employees. Defendants employed a system that failed to keep weekly records of hours worked and only recorded records on a semi-monthly basis.

**PRAYER FOR RELIEF**

Wherefore, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1)  For an Order issued under 29 U.S.C. § 217, permanently enjoining and restraining Defendants, its officers, agents, servants, employees, and all persons in active concert or participation with Defendants who receive actual notice of any such Order, from violating 29 U.S.C. §§ 215(a)(2) and 215(a)(5), including the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees (regardless of whether the employees are named in the Appendix A or not);

(2)  For an Order issued under 29 U.S.C. § 216, finding Defendants jointly and severally liable for unpaid minimum wage and overtime compensation, as well as an award of an equal amount as liquidated damages, due to:

(a) Defendants' current and former employees listed in the attached Appendix A for the period since at least March 27, 2022;

(b) Defendants' current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to the Appendix A;

(3)  For an Order of prejudgment interest on all amounts found to be owed

5

by Defendants under Section 217 of the Act, computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621; and

(4) For such other and further relief as may be necessary and appropriate including costs of this action.

Respectfully submitted on December 12, 2025,

| ADDRESS: | JONATHAN BERRY |
| --- | --- |
|  | Solicitor of Labor |
| Office of the Solicitor |  |
| U.S. Department of Labor | TREMELLE I. HOWARD |
| 61 Forsyth Street, Room 7T10 | Regional Solicitor |
| Atlanta, GA 30303 |  |
| Telephone: (404) 302-5416 | KRISTIN R. MURPHY |
| Fax: (404) 302-5438 | Counsel |
| pruittlatimore.ashley.n@dol.gov |  |
| atl.fedcourt@dol.gov | By:*/s/ Ashley N. Pruitt* |
|  |    ASHLEY N. PRUITT |
|  |    Trial Attorney |
|  |  |
|  | Attorneys for the Secretary of Labor, United States Department of Labor. |
| SOL Case No. 25-00595 |  |