UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH SONDERLING, *acting*
*Secretary of Labor,*

       Plaintiff,

v.                           Case No. 8:26-cv-03406-WFJ-NHA

RIG CATERING CORP., d/b/a LA
FONDITA DE LEO, et al.,

       Defendants.
_____/

## <u>ORDER</u>

Plaintiff moves for entry of Clerk's default against Defendants Rig Catering Corp., doing business as La Fondita de Leo, and Leonardo Caicedo. Doc. 15. I grant the motion as to Caicedo, and deny the motion without prejudice as to La Fondita.

Plaintiff, the United States Department of Labor, sues Defendants Leonardo Caicedo and "Rig Catering Corp., d/b/a La Fondita de Leo." Doc. 1. Plaintiff alleges Defendants violated the Fair Labor Standards Act by failing to pay their employees the applicable minimum wage and/or overtime wages. *Id.*

On March 8, 2026, Plaintiff filed a proof of service showing that it had personally served Defendant Leonardo Caicedo on March 7. Doc. 9. On March

23, after requesting and receiving an extension of time to complete service (Docs. 10, 11), Plaintiff filed a return of service purporting to show that it had served La Fondita on March 21, 2026, by personally serving registered agent Leonardo Caicedo at 2645 Aspen Court, Palm Harbor, Florida (Doc. 12).

On April 18, 2026, Plaintiff filed the instant motion, asserting that both Defendants had been served and had failed to plead or otherwise respond within the time allowed by the Federal Rules of Civil Procedure. Doc. 15.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

<u>Service as to Leonardo Caicedo</u>

Federal Rule of Civil Procedure 4(e) governs the service of process on individuals. It provides that a party may serve an individual by "delivering a copy of the summons and of the complaint to the individual personally." FED. R. CIV. P. 4(e)(2)(A). As to Caicedo, the return of service shows that, on March

2

7, 2026, the process server served the complaint and summons on his person. Doc. 9.

Caicedo had until March 30, 2026 to answer or otherwise respond to the complaint. He did not, nor has he appeared or otherwise demonstrated an intent to defend the case. Entry of a Clerk's default is therefore appropriate as to Caicedo.

Service on the Corporate Defendant

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations, partnerships, and unincorporated associations. It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B).

Here, Plaintiff has not provided the Court with enough information to show that the corporate Defendant in this action has been properly served. The Complaint identifies the corporate Defendant as "Rig Catering Corp., d/b/a La Fondita de Leo." Doc. 1. The Proof of Service identifies the entity served only as "La Fondita de Leo." Doc. 12. But the website of the Florida Department of Corporations website does not contain a record of a Florida corporation with

3

the name "La Fondita de Leo." [1] Instead, that website has a record of "Fondita LLC," and a separate business called "Rig Catering Corp." Both of these entities identify Caicedo as the registered agent. But neither entity bears the name of the entity listed in the return of service.

To avoid an entry of default against an improper entity, the Court declines to direct entry of Clerk's default against the corporate Defendant currently. The Court invites Plaintiff to clarify the corporation service in any renewed motion.

<u>Conclusion</u>

Accordingly:

(1)     Plaintiff's motion for Clerk's default (Doc. 15) as to Leonardo Caicedo is GRANTED;

(2)     The Clerk is directed to enter default against Caicedo;

(3)     Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of Clerk's default against Defendants Leonardo Caicedo, apply for default judgment against Caicedo, or file a paper identifying each

---

[1] Records of the Florida Department of State, Division of Corporations, are available at www.sunbiz.org, a verified website of a public agency. Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it[ ] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

unresolved issue necessary to the analysis of any motion for default judgment;

(4)     Plaintiff's motion for Clerk's default (Doc. 15) as to "Rig Catering Corp., d/b/a La Fondita de Leo" is DENIED WITHOUT PREJUDICE.

ORDERED on May 19, 2026.

NATALIE HIRT ADAMS
United States Magistrate Judge

5