UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH SONDERLING, *acting*
*Secretary of Labor,*

        Plaintiff,

v.                          Case No. 8:26-cv-03406-WFJ-NHA

RIG CATERING CORP., d/b/a LA
FONDITA DE LEO, et al.,

        Defendants.
_____/

## ORDER

Plaintiff moves for entry of Clerk's default against Defendant Rig Catering Corp., doing business as La Fondita de Leo. Doc. 18. I grant the motion.

Plaintiff, the United States Department of Labor, sues Defendants Leonardo Caicedo and "Rig Catering Corp., d/b/a La Fondita de Leo." Doc. 1. Plaintiff alleges Defendants violated the Fair Labor Standards Act by failing to pay their employees the applicable minimum wage and/or overtime wages. *Id.*

On March 8, 2026, Plaintiff filed a proof of service showing that it had personally served Defendant Leonardo Caicedo on March 7. Doc. 9. On March 23, after requesting and receiving an extension of time to complete service

(Docs. 10, 11), Plaintiff filed a return of service purporting to show that it had served "La Fondita de Leo" on March 21, 2026, by personally serving registered agent Leonardo Caicedo at 2645 Aspen Court, Palm Harbor, Florida (Doc. 12).

On April 18, 2026, Plaintiff moved for Clerk's default as to both Defendants, asserting that both Defendants had been served and had failed to plead or otherwise respond within the time allowed by the Federal Rules of Civil Procedure. Doc. 15. The Court granted the motion as to Caicedo, but denied the motion without prejudice as to La Fondita de Leo. Doc. 16. The Court noted that the Florida Department of Corporations website did not contain a record of a Florida corporation with the name "La Fondita de Leo, but did contain records for a "Fondita LLC" and "Rig Catering Corp.," both of which had Caicedo as the registered agent. Doc. 16 p. 4. The Court invited Plaintiff to clarify whether it had served "Fondita LLC" or "Rig Catering Corp." *Id.*

Plaintiff subsequently filed this renewed motion for Clerk's default against Rig Catering Corp., d/b/a La Fondita de Leo. Doc. 18. Included with the Motion is a Declaration, signed by Plaintiff's attorney, Ashley Pruitt. Doc. 18-1. The Declaration states: "Rig Catering Corp. operated a restaurant named La Fondita de Leo located at 1600 US Highway 19 N, Holiday, FL 34691"; Leonardo Caicedo is the registered agent of Rig Catering Corp.; and Rig Catering Corp. was served via personal service on Leonardo Caicedo at his

2

personal address (2645 Aspen Ct, Palm Harbor, FL) on March 21. Doc. 18-1 ¶¶ 4, 6, 8.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations, partnerships, and unincorporated associations. It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B).

Here, the Proof of Service and the Declaration filed with Plaintiff's present motion establishes that the corporate Defendant has been served.

First, Plaintiff has established that Rig Catering Corp. was served. The Proof of Service states that "Leonardo Caicedo, who is designated by law to

accept service of process on behalf of La Fondita de Leo," was served at 2645 Aspen Ct, Palm Harbor, FL, on March 21, 2026. Doc. 12. Although the Proof of Service does not state that Rig Catering Corp. was served, the summons (Doc. 4) and the Complaint (Doc. 1) served on the corporate Defendant identify it as "Rig Catering Corp. d/b/a La Fondita de Leo." The website of the Florida Department of Corporations website confirms that Leonardo Caicedo is the registered agent for Rig Catering Corp.[1]

Second, La Fondita de Leo appears to be a fictitious entity operated by Rig Catering Corp. Plaintiff offers a declaration, made under penalty of perjury, that Rig Catering Corp. is the entity behind La Fondita de Leo. *See* Doc. 18-1. And, the Florida Department of Corporations' records of fictitious business names contains no entry for "La Fondita de Leo."[2] Thus, without any contrary evidence, the Court accepts Plaintiff's proffer that Rig Catering Corp. is, in fact, doing business as La Fondita de Leo.

In sum, Plaintiff has established that Rig Catering Corp. d/b/a La Fondita de Leo was served on March 21, 2026. Defendant's response to the

---

[1] Records of the Florida Department of State, Division of Corporations, are available at www.sunbiz.org, a verified website of a public agency. Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it[ ] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

[2] *See* https://dos.sunbiz.org/ficinam.html (accessed May 26, 2026).

4

Complaint was thus due on or before April 13. Defendant has not answered or otherwise defended against the Complaint.

Accordingly:

(1)    Plaintiff's motion for Clerk's default (Doc. 18) is GRANTED;

(2)    The Clerk is directed to enter default against Rig Catering Corp. d/b/a La Fondita de Leo;

(3)    Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of Clerk's default against Defendant Rig Catering Corp., apply for default judgment against Rig Catering Corp., or file a paper identifying each unresolved issue necessary to the analysis of any motion for default judgment;

ORDERED on May 27, 2026.

NATALIE HIRT ADAMS
United States Magistrate Judge

5