**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KEITH E. SONDERLING**, *Acting Secretary of Labor*,

Plaintiff,

v. Case No. **8:25-cv-03406-WFJ-NHA**

**RIG CATERING CORP.** d/b/a
**LA FONDITA DE LEO,** and
**LEONARDO CAICEDO,** individually,

Defendants.
_______________________________/

**ORDER**

The Acting Secretary of Labor, Keith E. Sonderling, brings this Rule 55(b)(2) Motion for Default Judgment against Defendants Rig Catering Corp. d/b/a La Fondita De Leo, and Leonardo Caicedo, individually, seeking damages and injunctive relief under the Fair Labor Standards Act ("FLSA"). Dkt. 21. The Clerk's Default was previously entered in May 2026. Dkts. 17, 20. The Court grants Plaintiff's request in part.

**DISCUSSION**

"Default judgment is appropriate only if the factual allegations of plaintiff's complaint which are deemed admitted by reason of default provide a sufficient legal basis for default judgment." *Fid. & Deposit Co. of Maryland v. Williams*, 699 F.

Supp. 897, 898–99 (N.D. Ga. 1988) (citation omitted). By defaulting, Defendants admit to the plaintiff's well-pleaded allegations of fact. *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] However, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

Plaintiff is requesting 1) back wages for minimum wage and overtime violations, 2) liquidated damages, and 3) injunctive relief. *See* Dkt. 21. The Court will address each matter in turn.

## I. Back Pay

The FLSA requires employers to pay a minimum wage of $7.25 an hour to all employees who are engaged in interstate commerce ("individual coverage") or if the employer is engaged in interstate commerce ("enterprise coverage"). 29 U.S.C. § 206(a); *see Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298–99 (11th Cir. 2011). Section 203 defines enterprise coverage as an employer that

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000[.]

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions from the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981, are "binding as precedent in the Eleventh Circuit").

29 U.S.C. § 203(s)(1)(A). The complaint alleges that employees regularly handled goods that have been brought in for commerce "including goods such as wine and liquor from California[,]" and that La Fondita de Leo "had an annual gross volume of sales made or business done of not less than $500,000.00." Dkt. 1 ¶¶ 6–7; *see also* Dkt. 23 ¶ 3 ("My investigation revealed that Defendants had recorded an annual dollar volume of sales in excess of $500,000 for the three years preceding the investigation."). Plaintiff has sufficiently established that enterprise coverage applies to La Fondita de Leo.

In this case, there are two instances in which Defendants have failed to pay their employees at a rate greater than or equal to the minimum wage. One employee was improperly classified as a tipped employee,[2] and one employee was not paid at all for his work. *See* 29 U.S.C. §§ 203(m)(2), 203(t). However, "[a]lthough states are entitled to set a higher minimum wage under state law, a plaintiff is not entitled to recover the state minimum wage under the FLSA." *Feliciano v. Styrofoam Moulding Co.*, No. 8:20-CV-718-TPB-JSS, 2021 WL 3230683, at *4 (M.D. Fla. July 9, 2021), *report and recommendation adopted*, No. 8:20-CV-718-TPB-JSS, 2021 WL 3209566 (M.D. Fla. July 29, 2021) (citation omitted). Therefore, for minimum

[2] The Court accepts Plaintiff's tipped versus non-tipped classifications as to all employees, except for Delivery Gonzalez. *See* Dkt. 21-2 at 20–23. The Court's examination of his tip history indicates that Gonzalez is better classified as a non-tipped employee, as Gonzalez did not "customarily and regularly receive[] more than $30 a month in tips." 29 U.S.C. §§ 203(m)(2), 203(t).

wage purposes, Plaintiff will only be able to recover backpay for wages paid below the Federal minimum wage.

For the non-tipped employee that was impermissibly classified as a tipped employee, the paid hourly rate was multiplied by the number of hours worked capped at 40, and subtracted from a $7.25 hourly rate multiplied by the number of hours worked capped at 40. The sum of these differences equates to $4,461.53. For the employee who was not paid at all, a $7.25 hourly rate was multiplied by either the number of hours worked if no rate was specified or the stated hourly rate if a rate was specified, capped at 40. The sum of these figures equates to $801.50. Therefore, the total amount of owed minimum wages is $5,263.03. Wages related to work over forty hours per week are addressed in the overtime calculations.

In situations with either individual coverage or enterprise coverage, the FLSA requires employers to pay employees at a rate of at least one and one-half times the "regular rate at which he is employed" for all work hours in excess of forty hours in a workweek. 29 U.S.C. § 207(a)(2). Unlike the minimum wage provision, the term "regular rate at which he is employed" cannot be lower than any other minimum wage that may also be applicable. 29 C.F.R § 778.5. Therefore, for calculating overtime, the Florida minimum wage will apply. Since Defendants have failed to pay their employees at the appropriate overtime rate in accordance with this statute,

Plaintiff is entitled to recover back pay for all overtime wages that were not properly awarded.

First, an overtime rate is assigned to each workweek for each employee by multiplying the regular rate by 1.5. The regular rate (for purposes of calculating the overtime rate) is either the employee's stated hourly rate or the applicable Florida minimum wage,[3] whichever is higher. To calculate expected pay, the employee's regular hours are multiplied by the stated hourly rate or the applicable Federal minimum wage,[4] whichever is higher, and is added to the quantity of the employee's number of overtime hours multiplied by the overtime rate. The owed overtime compensation is the difference between the expected pay and actual pay. All negative and $0.01 results are disregarded. The sum of these figures is $65,562.93. The total back pay owed by Defendants is summed to $70,825.96.

## II. Liquidated Damages

Section 216 of the FLSA allows the Secretary to "recover the amount of unpaid minimum wages or overtime compensation and an equal amount as liquidated damages." 29 U.S.C. § 216(c). The Portal-to-Portal Pay Act of 1947 later clarified that courts may decline to award liquidated damages if the employer's act or omission was in good faith or that the employer had "reasonable grounds for

---

[3] The Florida minimum wage is used here because the term "regular rate at which he is employed," which is used in overtime calculations, cannot be lower than any applicable minimum wage. *See* 29 C.F.R § 778.5.

[4] The Federal minimum wage is used here because the FLSA only guarantees the Federal minimum wage for regular time work. *See Feliciano*, 2021 WL 3230683, at *4.

believing that his act or omission was not a violation of the [FLSA].” 29 U.S.C. § 260. However, the Eleventh Circuit has held that “absent a showing of both the subjective and objective elements of the good faith defense, liquidated damages are mandatory.” *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1566–67 (11th Cir. 1991) (citation modified). Since Defendants have not raised this defense, the Court awards liquidated damages to Plaintiff in the amount of $70,825.96.

## III. Injunctive Relief

The FLSA additionally empowers the District Courts to issue injunctions to restrain further violations of the FLSA and to restrain any withholding of owed minimum wages or overtime compensation. 29 U.S.C. § 217. The purpose of an injunction is to “shift the ‘responsibility for compliance onto the employer's shoulders’ and to lessen the responsibility of the Wage and Hour Division of investigating past violators to ascertain if they are in compliance with the provisions of the Act.” *Dunlop v. Davis*, 524 F.2d 1278, 1280–81 (5th Cir. 1975) (quoting *Goldberg v. Cockrell*, 303 F.2d 811, 814 (5th Cir. 1962)). To that point, “the previous conduct of the employer and the dependability of his promises for future compliance” are the two factors to be considered when evaluating a request for a permanent injunction. *Id.* at 1281.

In this case, Defendants continuously failed to meet the minimum wage and overtime pay standards prescribed by the FLSA throughout the investigative period.

There is no showing that Defendants attempted to correct these inadequate pay practices, nor is there any proffer of promised future compliance. Additionally, Defendants have failed to appear in these proceedings. For these reasons, the Court hereby grants an injunction restraining Defendants from further violating Sections 206 and 207 of the FLSA as prohibited by 29 U.S.C. § 215(a)(2), enjoining Defendants from committing any acts prohibited by 29 U.S.C. § 215(a)(5), and restraining Defendants from withholding backpay payments due as ordered in Section I of this Order.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Plaintiff's Motion for Default Judgment is **GRANTED IN PART** to the extent stated herein.
    a. Acting Secretary Sonderling is awarded **$70,825.96** in back pay.
    b. Acting Secretary Sonderling is awarded **$70,825.96** in liquidated damages.
2. Defendants, its officers, agents, servants, employees, and all persons in active concert with Defendants who receive actual notice of this Order, are **ENJOINED** from violating 29 U.S.C. §§ 215(a)(2) and 215(a)(5) and are **PROHIBITED** from withholding any unpaid minimum wages or overtime compensation.

3. The Clerk is **DIRECTED** to enter judgment in favor of Acting Secretary Sonderling and against Defendants, jointly and severally, in the amount of **$141,651.92.** Upon entry of judgment, the Clerk is also directed to **TERMINATE** any pending motions and deadlines and thereafter **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida, on July 27, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record